UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 19-10865-MWF (ASx) | **Date:** March 31, 2020 |
| **Title:** Tramell Davis v. The GEO Group, Inc. | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER DENYING MOTION TO REMAND [8]

Before the Court is Plaintiff Tramell Davis' Motion to Remand (the "Motion"), filed on January 23, 2020. (Docket No. 8). Defendant The GEO Group, Inc. ("GEO") filed an Opposition on February 7, 2020. (Docket No. 12). Plaintiff filed a late Reply on February 18, 2020. (Docket No. 15).

The Motion was noticed to be heard on February 24, 2020. The Court read and considered the papers on the Motion and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. The hearing was therefore **VACATED** and removed from the Court's calendar. Vacating the hearing is also now supported by the COOP arising from the COVID-19 emergency.

For the reasons discussed below, the Motion is **DENIED**. The amount in controversy requirement for diversity jurisdiction is established, as evidenced by Plaintiff's Statement of Damages.

## I. BACKGROUND

On June 12, 2019, Davis commenced this action in Los Angeles Superior Court. (Notice of Removal ("NoR") ¶ 1 (Docket No. 1-1)). In Davis' Complaint, he alleges the following categories of damages: (i) wage loss; (ii) hospital and medical expenses; (iii) general damage; (iv) loss of earning capacity; and (v) other damage "as proof may be shown at trial." (NoR, Ex. A ("Complaint") at 3, ¶ 11). In addition, the Civil Case

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-10865-MWF (ASx)                Date:  March 31, 2020
Title:    Tramell Davis v. The GEO Group, Inc.

Cover Sheet alleges damages of an unlimited amount, exceeding $25,000.  (NoR, Ex. C ("Civil Case Cover Sheet") at 2).

The Complaint contains the following allegations:

Davis was a resident of the Male Community Reentry Program in Long Beach, California.  (Complaint at 4).  On November 11, 2017, Davis' bedroom ceiling collapsed onto him, causing Davis to fall to the floor.  (*Id.*).  Based on the above allegations, Davis asserts the following three claims: (i) personal injury; (ii) premises liability; and (iii) general negligence against GEO.  (*Id.* at 3, ¶ 10).

On November 25, 2019, GEO was served.  (NoR ¶ 2).  In addition to the Complaint, Davis served GEO with a Statement of Damages alleging the following damages: (i) $100,000 in the form of pain, suffering and inconvenience; (ii) $100,000 in the form of emotional distress; (iii) $27,000 in the form of medical expenses; and (iv) $15,000 in the form of future medical expenses.  (NoR, Statement of Damages at 1).  In total, the damages listed on Davis' Statement of Damages add up to $242,000.  (*Id.*).

On December 24, 2019, GEO removed this suit from state court to this Court.  (*See* NoR).

## II.  LEGAL STANDARD

Removal from state court to this Court is proper when diversity of citizenship exists among the parties and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. §§ 1331, 1332(a).

The Defendant carries the "burden of establishing that removal is proper." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009).  Moreover, when the "complaint does not specify the amount sought as damages, the removing party must prove by a preponderance of the evidence that the amount in controversy meets" the $75,000 threshold.  *Guglielmino v. McKee Foods*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 19-10865-MWF (ASx)                    Date: March 31, 2020
Title:    Tramell Davis v. The GEO Group, Inc.

*Corp.*, 506 F.3d 676, 683 (9th Cir. 2006). All the following can be used to show that the amount in controversy threshold has been met: (i) general damages; (ii) special damages; (iii) attorneys' fees if recoverable; and punitive damages if recoverable. *Conrad v. Hartford Accident & Indem. Co.*, 994 F.Supp. 1196, 1198 (N.D. Cal. 1998).

Finally, if any doubt exists as to whether the removing party has the right to removal, the "case should be remanded to state court." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

## III. **DISCUSSION**

Davis argues that the action should be remanded to state court because the Complaint does not allege that the amount in controversy exceeds $75,000. (Motion at 1). Moreover, Davis asserts that the NoR's statements regarding the amount of controversy are "conclusory," and thus fail to show by a preponderance of the evidence that the amount in controversy exceeds $75,000. (*Id.* at 8). Therefore, Davis argues that removal was improper. (*Id.*).

In opposition, GEO argues that the amount in controversy exceeds $75,000. (Opposition at 1). In addition to the allegations in the Complaint of (i) wage loss; (ii) hospital and medical expenses; (iii) general damage; (iv) loss of earning capacity; and (v) other damage "as proof may be shown at trial," GEO asserts that the Statement of Damages explicitly alleges $242,000 in damages. (Complaint at 3, ¶ 11; Opposition at 3). GEO thus concludes that the $75,000 threshold is easily exceeded, and that removal was proper. (Opposition at 3).

The Court agrees with GEO that the preponderance of the evidence demonstrates that the amount in controversy exceeds $75,000. Quite simply, the Statement of Damages, filled out and signed by Plaintiff's counsel, conclusively establishes that the amount of controversy exceeds $75,000. Even if a complaint does not demand a specific sum in damages, a statement of damages can provide defendants notice that the amount in controversy meets the $75,000 requirement. *Kaminkski-Albright v. Sunbeam Prods.*, No. CV 17-6360 SJO-SK, 2017 WL 5006426, at *3-4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-10865-MWF (ASx)                Date:  March 31, 2020
Title:    Tramell Davis v. The GEO Group, Inc.

(C.D. Cal. Oct. 30, 2017) (denying motion to remand because although the complaint "only indicated that the amount demanded exceeds $25,000," information in the statement of damages "gave [d]efendants notice that the amount in controversy exceeded $75,000").

Plaintiff did not even address the Statement of Damages until his Reply, which was belatedly filed.  Accordingly, the Court would be within its rights to not consider any argument from Plaintiff raised for the first time on reply.  *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (explaining that the "district court need not consider arguments raised for the first time in a reply brief").

Even if the Court did consider Plaintiff's belated argument that the Statement of Damages was inadvertently served on GEO, this argument does not change the Court's analysis, as Plaintiff cites no caselaw supporting his argument that the Court should ignore the Statement of Damages because it was "erroneously" sent to GEO.  (Reply at 4).

Therefore, the Statement of Damages can serve to establish that the amount in controversy requirement has been met.  As a result, the $242,000 in alleged damages listed in the Statement of Damages exceeds the amount in controversy requirement and establishes that removal was proper.

## IV.   **CONCLUSION**

For the foregoing reasons, the Motion is **DENIED**.  As GEO has already answered the Complaint, no further response is needed from GEO.

IT IS SO ORDERED.